John E. Seidlitz, Jr.
SEIDLITZ LAW OFFICE
21 Third Street North, Suite 412
P.O. Box 1581
Great Falls, MT 59403-1581
Telephone: (406) 727-1431
Facsimile: (406) 452-9938
Attorney for Plaintiff

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

TERRI HAMMERGREN,

    Plaintiff,

vs.

WAL-MART, INC.,

    Defendant.

Cause No. BDV 06-1584

CV-06-111-GF-SEH

**COMPLAINT AND JURY DEMAND**

    COMES NOW the Plaintiff, Terri Hammergren, demanding trial by jury and for her complaint against the Defendant alleges as follows:

**I.**

    At all times relevant herein the Plaintiff Terri Hammergren was and is a person residing in Black Eagle, Cascade County, State of Montana.

**II.**

    Defendant Wal-Mart, Inc. was at all times relevant a corporation organized in Montana and authorized to and doing business in the State of Montana.

### III.

Plaintiff began her employment with Defendant Wal-Mart, Inc. in late 2002 working full-time.

### IV.

Plaintiff satisfactorily completed her probationary period.

### V.

Plaintiff worked approximately eight months in Arizona for Wal-Mart. As a result of her diabetes and difficulty maintaining a proper sugar level she was forced to miss a considerable amount of work at Wal-Mart in Arizona, but was accommodated by her employer. She returned to Great Falls April 2003 and remained employed at Wal-Mart up until May 22, 2006.

### VI.

Prior to her termination Plaintiff Terri Hammergren had never had any written reprimand or written adverse action in her personnel file during her employment with Wal-Mart for a period of over three years.

### VII.

Plaintiff was discharged on May 22, 2006, and her discharge was not for a good cause.

### VIII.

Plaintiff was terminated by Wal-Mart because her diabetes required her to leave shift early. Wal-Mart claimed she left early without approval and utilized sick leave without approval. Terri always requested approval in leaving as a result of illness related to her diabetes. In addition, any sick leave would have related either to her diabetes or to

a knee injury. Doctors' records were provided whenever possible although doctor care was not always obtained on days she was ill.

### IX.

Terri was not provided any warning and simply dismissed when her diabetes interfered with her ability to complete work shifts or even on occasion come to work. Terri was never advised that her inability to complete a shift or to work a shift when she was ill was interfering in any manner with Wal-Mart's operation.

### X.

Defendant violated their policy against discrimination on the basis of disability in wrongfully discharging Plaintiff.

### XI.

Defendant discharged Plaintiff Terri Hammergren without good cause after she had completed her probationary period of employment.

### XII.

As a result of Defendants' wrongful discharge Plaintiff has experienced substantial economic loss, including lost wages and fringe benefits for a period of at least four years from the date of discharge, together with interest.

WHEREFORE the Plaintiff prays for judgment against the Defendant as follows:

1. For compensation for lost wages for a period of four years, together with interest thereon;

2. For compensation for lost fringe benefits for a period of four years, together with interest thereon;

3. For costs and disbursements incurred herein; and

4. For such other relief as the Court deems just and proper.

DATED this 15th day of November, 2006.

SEIDLITZ LAW OFFICE

By: *[signature]*
John E. Seidlitz, Jr.
P.O. Box 1581
Great Falls, MT 59403-1581
Attorney for Plaintiff